UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL DURBIN                          CIVIL ACTION NO. 5:16-CV-693

VS.                                     SECTION P

                                        JUDGE ELIZABETH E. FOOTE

OFFICE OF THE 26TH JDC                  MAGISTRATE JUDGE HAYES
DISTRICT ATTORNEY, ET AL

## REPORT AND RECOMMENDATION

Plaintiff Michael Durbin filed a civil rights complaint (42 U.S.C. §1983) on May 18, 2016.

When he filed his suit he was an inmate at the Bossier Maximum Security Center, Plain Dealing,

Louisiana. [Rec. Doc. 1] On May 20, 2016, the undersigned issued a Memorandum Order directing

plaintiff to amend his complaint on the approved forms and submit his filing fee or application to

proceed *in forma pauperis*. [Rec. Doc. 3.]  That order was mailed to plaintiff the facility from which

he filed his complaint.

On June 21, 2016, the correspondence to plaintiff was returned to the court with the notation

that he was no longer incarcerated at the facility. [Rec. Doc. 8.]   On June 24, 2016, the

correspondence sent to the Accounts Officer at the Bossier Maximum Security Center was returned

with additional notation, "released to U.S. Marshal's Service on 6-9-16." [Rec. Doc. 9.] Attempts

to locate plaintiff *via* the VineLink inmate data base and the Federal Bureau of Prisons data base

have also proven unsuccessful. [See http://www.vinelink.com/index.jsp; http://www.bop.gov]

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the

plaintiff to prosecute or to comply with ... any order of court..." The district court also has the

2

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."  More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions**

accepted by the District Court, except upon grounds of plain error.  *See,*

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

   **THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 2nd day of

August, 2016.

                 **KAREN L. HAYES**
                 **UNITED STATES MAGISTRATE JUDGE**